Matter of Cadus Corp. Stockholders Litig. (2020 NY Slip Op 07279)





Matter of Cadus Corp. Stockholders Litig.


2020 NY Slip Op 07279


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Kapnick, J.P., Gesmer, Kern, Shulman, JJ. 


Index No. 653318/18 Appeal No. 12545 Case No. 2020-02001 

[*1]In the Matter of Cadus Corp. Stockholders Litigation.
Emily Kahn-Freedman et al., Plaintiffs-Appellants,
Cadus Corporation et al., Defendants-Respondents.


Rigrodsky & Long, P.A., Garden City (Timothy J. MacFall of counsel), and Levi & Korsinsky, LLP, Washington DC (Donald J. Enright, of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellants.
Law Office of Robert R. Viducich, New York (Robert Viducich of counsel), for Cadus Corporation, Starfire Holding Corporation, Barberry Corporation, High River Limited Partnership, Carl C. Icahn and Hunter C. Gary, respondents.
Dorsey & Whitney LLP, New York (Kaleb McNeely of counsel), for Jack Wasserman, Peter Liebert and Tara Elias Schuchts, respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered March 3, 2020, which granted defendants' motions to dismiss the complaint, unanimously affirmed, with costs.
The motion court properly applied the business judgment rule instead of the entire fairness test to the buyout of defendant Cadus Corporation by its controlling shareholder, defendant Starfire Holding Corporation (see Kahn v M & F Worldwide Corp. , 88 A3d 635, 645 [Del 2014]). Plaintiffs failed to show, as pertinent here, that the Special Committee that approved the transaction was not independent, that the Special Committee did not meet its duty of care in negotiating a fair price, or that the vote of the minority was not informed (see id. ).
Plaintiffs failed to allege facts from which a reasonable inference could be drawn that a majority of the Special Committee members — defendants Jack Wasserman, Peter Liebert, and Tara Elias Schuchts — were "sufficiently loyal to, beholden to, or otherwise influenced by an interested party [defendant Carl C. Icahn, chairman, CEO and majority owner of Starfire] so as to undermine [their] ability to judge the matter on its merits" (see In re Books-A-Million, Inc. Stockholders Litig. , 2016 WL 5874974, *9, 2016 Del Ch LEXIS 154, *27-28 [Oct. 10, 2016], affd 164 A3d 56 [Del 2017]; Southeast Pa. Transp. Auth. v Volgenau , 2013 WL 4009193, *13, 2013 Del Ch LEXIS 197, *45-46 [Aug. 5, 2013], affd 91 A3d 562 [Del 2014]). "Bare allegations that directors are friendly with, travel in the same social circles as, or have past business relationships with the proponent of a transaction . . . are not enough to rebut the presumption of independence" (M & F Worldwide , 88 A3d at 649). Plaintiffs' allegations about the directors' friendships with Icahn are not sufficient to suggest the sort of personal relationship (one in which the parties are "as thick as blood relations") that would circumvent this rule (see In re MFW Shareholders Litig. , 67 A3d 496, 509 n 37 [Del Ch 2013], affd sub nom M & F Worldwide , 88 A3d 635 [2014]). Nor did plaintiffs demonstrate that any financial ties between Icahn and at least Liebert and Schuchts were "material" (see M & F Worldwide , 88 A3d at 649; In re Rouse Props. Fiduciary Litig. , 2018 Del Ch LEXIS 93, *34-35 [Mar. 9, 2018]). Even if Wasserman were found to be conflicted based on his service on multiple boards of Icahn-controlled companies, including at the time of the buyout, this would not undermine the independence of the Special Committee as a whole, since plaintiffs did not allege that he controlled and dominated the committee or failed to disclose his interests to it (see Volgenau , 2013 WL 4009193 at *13, 2013 Del Ch LEXIS 197 at *45).
Plaintiffs failed to allege sufficiently that the Special Committee members acted with gross negligence so as to breach their duty of care (see generally In re Walt Disney Co. Derivative Litig. , 907 A2d 693, 749-50 [Del Ch 2005], affd 906 A2d 27 [Del 2006]). Plaintiffs' claim that the committee breached this duty by selecting Wasserman as its chair is not properly considered because they did not allege this fact in the complaint. The committee's determination to hire Dorsey & Whitney LLP as legal counsel, even though this firm had once previously represented Icahn and his business partners, does not rise to the level of gross negligence.
Plaintiffs failed to allege sufficiently that the vote of the minority shareholders was not fully informed. Defendants were not required to disclose additional information about Liebert and Schuchts's relationships with Icahn, because it was not material (see M & F Worldwide , 88 A3d at 649; In re Rouse Props. Fiduciary Litig., 2018 Del Ch LEXIS 93 at *34-35; Loudon v Archer-Daniels-Midland Co. , 700 A2d 135, 145-46 [Del 1997]).
Plaintiffs do not dispute that dismissal is appropriate if the business judgment rule is applied. In view of our disposition of these issues, we need not reach their arguments with [*2]respect to exculpation or the outcome of entire fairness review.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020